UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VALERIE FLORES, | Case No. 2:26-cv-00287-DJC-CSK PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CA CARES, et al., | (ECF Nos. 1, 11) |
| Defendants. | |

Plaintiff Valerie Flores is representing herself in this action and seeks leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.[1] (ECF No. 11.) For the reasons that follow, the Court recommends that Plaintiff's IFP application be denied, and the Complaint be dismissed without leave to amend.

I.      **MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) provides that the court may authorize the commencement, prosecution or defense of any suit without prepayment of fees or security "by a person who submits an affidavit stating the person is "unable to pay such fees or give security therefor." This affidavit is to include, among other things, a statement of all assets the person possesses. *Id*. The IFP statute does not itself define what constitutes insufficient

---

[1]  This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c).

assets. *See Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). In *Escobedo*, the Ninth Circuit stated that an affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay court costs and still afford the necessities of life. *Id*. "One need not be absolutely destitute to obtain benefits of the in forma pauperis statute." *Id*. Nonetheless, a party seeking IFP status must allege poverty "with some particularity, definiteness and certainty." *Id*. According to the United States Department of Health and Human Services, the current poverty guideline for a household of one (not residing in Alaska or Hawaii) is $15,060.00. *See* U.S. Dpt. Health & Human Service (available at https://aspe.hhs.gov/poverty-guidelines).

Here, Plaintiff's IFP affidavit states that disability payments are her only source of income and she supports one minor child. *See* ECF No. 11. Plaintiff has made the required showing under 28 U.S.C. § 1915(a). *See id.* However, the Court will recommend Plaintiff's IFP application be denied because the action is facially frivolous or without merit because it fails to state a claim and lacks subject matter jurisdiction. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also McGee v. Dep't of Child Support Servs.*, 584 Fed. App'x 638 (9th Cir. 2014) ("the district court did not abuse its discretion by denying McGee's request to proceed IFP because it appears from the face of the amended complaint that McGee's action is frivolous or without merit"); *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Because it appears from the face of the Complaint that this action is frivolous or is without merit as discussed in more detail below, the Court recommends denying Plaintiff's IFP motion.

/ / /

## II.      SCREENING REQUIREMENT

Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (2000) (en banc). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court accepts as true the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, and construes those allegations in the light most favorable to the plaintiff. *See Neitzke*, 490 U.S. at 327; *Von Saher v. Norton Simon Museum of Art at Pasadena*, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

Pleadings by self-represented litigants are liberally construed. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (liberal construction appropriate even post–*Iqbal*). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend unless the complaint's deficiencies could not be cured by amendment. *See Lopez*, 203 F.3d at 1130-31; *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996).

/ / /

### III.  THE COMPLAINT

Plaintiff brings this action against two defendants: CA Cares and California Crime Victim Compensation Program. *See* ECF No. 1, "Compl." Plaintiff, a resident of New York state, asserts both federal question and diversity jurisdiction. *Id*. at 3. Yet the Complaint neither invokes federal law nor requests damages in any specific amount.

Plaintiff alleges that Defendants "will not pay out on a crime victim compensation claim. . . . [and] need to compensate me for the crimes that happened to me in their state." *Id.* Plaintiff alleges that unspecified "CA workers" have been harassing and stalking her and that "fraudulent medical examiners" have committed medical malpractice. *Id*. Her allegations describing the alleged harassment are confusing and concern legal proceedings in Victorville, California. *Id.* at 4. Plaintiff identifies no legal basis for her claims.

### IV.  DISCUSSION

Plaintiff's Complaint does not contain a short and plain statement of a claim as required by Federal Rule of Civil Procedure 8. In order to give fair notice of the claims and the grounds on which they rest, a plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims. *See Kimes v. Stone*, 84 F.3d 1121, 1129 (9th Cir. 1996). Here, Plaintiff does not assert any legal claims but merely makes vague allegations of wrongdoing. Nor is it clear how either Defendant was involved in the complained-of acts. In addition to falling short of the Rule 8 pleading requirements, the Complaint fails to state a claim against any defendant. Thus it is subject to dismissal at the screening stage.

Also, insofar as Plaintiff's claims concern ongoing state court proceedings, they are barred by the *Younger* abstention doctrine. Federal courts are generally required to abstain from interfering with ongoing state court proceedings. *Younger v. Harris*, 401 U.S. 37, 43-45 (1971). Abstention of the federal court is required under *Younger* when "(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings

4

to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding." *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018) (citations omitted). The Complaint suggests that Plaintiff may be involved in an ongoing criminal case in California. The federal court must abstain from interfering with these proceedings. In sum, all claims in the Complaint should be dismissed.

In considering whether leave to amend should be granted, the Court considers that the Complaint does not present a non-frivolous claim. In light of the Court's lack of subject matter jurisdiction and the Complaint's many deficiencies, it appears granting leave to amend would be futile. The Complaint should therefore be dismissed without leave to amend.

**V.   CONCLUSION**

Based upon the findings above, it is RECOMMENDED that:

1.    Plaintiff's motion to proceed in forma pauperis (ECF No. 11) be DENIED;

2.    Plaintiff's Complaint (ECF No. 1) be DISMISSED without leave to amend; and

3.    The Clerk of the Court be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court and serve a copy on all parties. This document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the Court within 14 days after service of the objections. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449,

/ / /

/ / /

/ / /

455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated:  April 20, 2026

_____

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

6/flor0287.screen.f&r